UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| EDWARD ROY NEWSOME,<br><br>             Petitioner,<br><br>v.<br><br>WILLIAM PAUL MEWIS, *et al.*,<br><br>             Respondents. | Case: 1:16-mc-02532<br>Assigned To : Unassigned<br>Assign. Date : 12/15/2016<br>Description: Misc. |

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on the petitioner's petition for a writ of mandamus and motion to proceed *in forma pauperis*. It appears that the petitioner objects to the transfer of a prior action to another federal district court and to the dismissal of his appeal by the United States Court of Appeals for the Fifth Circuit.

Generally, a litigant is required to pay a filing fee in full. *See* 28 U.S.C. §§ 1914(a), 1915(b)(1). Pursuant to the Prison Litigation Reform Act ("PLRA"), "[a] prisoner who qualifies for [*in forma pauperis*] status . . . need not pay the full filing fee at the time he brings suit," and instead he is allowed to "pay the filing fee in installments over time." *Asemani v. U.S. Citizenship & Immigration Servs.*, 797 F.3d 1069, 1072 (D.C. Cir. 2015) (citations omitted). However, certain prisoners cannot qualify for *in forma pauperis* status under the PLRA's "three strikes" rule:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

1

*Id.* (quoting 28 U.S.C. § 1915(g)); *see* 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b). The PLRA's filing fee requirements apply to a petition for a writ of mandamus. *See In re Grant*, 635 F.3d 1227, 1230 (D.C. Cir. 2011).

The petitioner has accumulated at least three strikes. *See, e.g., Newsome v. Tucker*, H-07-1159, 2007 WL 1080094, at *1 (S.D. Tex. Apr. 9, 2007) (noting petitioner's "lengthy record of filing frivolous and malicious claims," and dismissing § 1983 complaint under 28 U.S.C. § 1915(g)) (citing cases); *Newsome v. Harris Cnty. Director*, No. H-07-0508, 2007 WL 446044, at *1 (S.D. Tex. Feb. 7, 2007) (dismissing case under 28 U.S.C. § 1915(g) or, alternatively, as both frivolous and malicious under 28 U.S.C. § 1915(e)(2)(B)); *see also Newsome v. Thaler*, No. 2:10-cv-0242, 2010 WL 5211477, at *1 (N.D. Tex. Dec. 15, 2010) (denying certificate of appealability and barring petitioner from filing any further habeas actions unless he first obtains leave of court). Because the petitioner does not allege that he is in imminent danger of serious physical injury, he has not qualified for the imminent danger exception.

Accordingly, it is hereby

ORDERED that the petitioner's application to proceed *in forma pauperis* is DENIED pursuant to 28 U.S.C. § 1915(g); it is

FURTHER ORDERED that this action is DISMISSED.

This is a final appealable Order.

SO ORDERED.

_____
United States District Judge

DATE: 12\14\16